1  CROSNER LEGAL, P.C.
2  Craig W. Straub (SBN 249032)
   craig@crosnerlegal.com
   Michael T. Houchin (SBN 305541)
3  mhouchin@crosnerlegal.com
   Kurt D. Kessler (SBN 327334)
4  kurt@crosnerlegal.com
   9440 Santa Monica Blvd. Suite 301
5  Beverly Hills, CA 90210
   Tel: (866) 276-7637
6  Fax: (310) 510-6429

7  *Attorneys for Plaintiff*

8

                  **UNITED STATES DISTRICT COURT**
9
                  **CENTRAL DISTRICT OF CALIFORNIA**
10

11  SHAIANNE STARKS, individually,       Case No.
    and on behalf of all others similarly
12  situated,                            CLASS ACTION COMPLAINT

13                  Plaintiff,

14          v.

15  TRADER JOE'S COMPANY,                **JURY TRIAL DEMANDED**

16                  Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.      This is a straight-forward false advertising class action concerning Defendant Trader Joe's Company's ("Defendant" or "Trader Joe's") "Gluten Free" Almost Everything Bagels (the "Product"). Defendant represents that the Product is "**GLUTEN FREE**" in large lettering on the front of the packaging:



2.      The problem is the Product contains high levels of gluten.

3.      MomsAcrossAmerica.com is the leading provider of independent test results and information to help mothers to identify the best quality health and nutrition products.[1] It publishes results of independently conducted test and provides comprehensive product reports in an effort to be part of safe, healthy food and honest labeling.

4.      Moms Across America published results of testing performed on various gluten free products. The scientifically validated test results revealed that the Product contains ***269.8 ppm of gluten***, ***13 times the governmental limits*** and ***nearly 27 times the Gluten-Free Certification Organization*** ("GFCO") limits.

5.      Plaintiff Shaianne Starks ("Plaintiff") brings this action seeking redress for Defendant's false advertising and deceptive conduct.

---

[1] https://www.momsacrossamerica.com/about

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate, exclusive of interest and costs.

7.      This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of California, contracts to supply goods within the State of California, and supplies goods within the State of California. Defendant's principal place of business is in California. The Court also has specific jurisdiction over Defendant as it has purposefully directed activities towards the forum state, Plaintiff's claims arise out of those activities, and it is reasonable for Defendant to defend this lawsuit because it has sold the deceptively advertised Products to Plaintiff and members of the Class in California.

8.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant engages in continuous and systematic business activities within the State of California. Venue is further proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District because Plaintiff purchased one of the Product within this District.  Defendant's principal place of business is in this District.

## PARTIES

9.      Defendant Trader Joe's Company is a California corporation that maintains its principal place of business at 800 S. Shamrock Avenue, Monrovia, CA 91016. Throughout the class period, Defendant was the manufacturer and distributor of the Product.

10.      Plaintiff Shaianne Starks is a resident of California. Plaintiff purchased the Product during the class period. Plaintiff relied on Defendant's deceptive labeling claims as set forth below.

CROSNER LEGAL. P.C.

## FACTUAL ALLEGATIONS

11.     Defendant is a grocery store and manufacturer of food products.

12.     Defendant manufactures a bagel product labelled Trader Joe's "Gluten Free" Almost Everything Bagels. [2]

13.     The label for the Product is shown below.



_____

[2] Almost Everything Bagels Bagels, https://www.traderjoes.com/home/products/pdp/almost-everything-bagels-060689 (last visited June 26, 2024).

CLASS ACTION COMPLAINT

14.     The label of the Product clearly states that it is "**GLUTEN FREE**" meaning it does not contain gluten.

**VALIDATED TESTING REVEALS THE PRODUCT IS <u>NOT</u> "GLUTEN FREE"**

15.     On June 10, 2024, momsacrossamerica.com published results of testing performed on various "gluten-free" products.[3] Those test results revealed that the Product tested positive for 269.8 ppm of gluten.

---

[3]    Zen   Honeycutt,   *Gluten-Free   Food   Test   Results*,   *available   at* https://www.momsacrossamerica.com/glutenfree_food_test_results   (last   visited June 26, 2024)

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

16.    The sample Product that was tested is depicted below. It is labeled as Sample S11567:



17.    Testing was performed by the Health Research Institute. It is a High Complexity Clinical Laboratory Improvement Amendments ("CLIA") Certified clinical laboratory and an ISO/IEC 17025 2017 Accredited analytical laboratory.

The testing was conducted in accordance with the AgraQuant Gluten G12 ELISA test. The below limit of quantification (LOQ) of the testing was 4 ppm.

18.     The AgraQuant Gluten G12 ELISA test is a quantitative analysis of gluten in food.[4] It uses the monoclonal G12™ antibody which was developed to specifically detect the petide fraction present in gluten.[5] After extraction, the toxic fraction of any gluten present in the sample is captured by G12™ antibodies that were pre-coated onto the wells.[6] An enzymatic reaction causes color to develop in a manner that corresponds to the concentration of gluten present in the sample, allowing its quantification.[7]

19.     The AgraQuant Gluten G12 ELISA test has been validated by third parties and is intended for laboratory use.[8] In 2014, the Association of Official Analytical Chemists ("AOAC ") International accepted the AgraQuant Gluten G12 ELISA as Official First Action method 2014.03 and AACC International approved it as Method 38-52.01.[9] A third-party validation found that the test provides reliable and accurate results.[10]

20.     The AOAC is an independent, non-profit membership association of analytical science professionals in government, industry, and academia worldwide.[11] Its mission is to advance food safety and product integrity through

_____

[4] https://www.humeau.com/media/blfa_files/ME_Agraquant-Gluten-G12_82500020000_EN_0419.pdf

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8]   https://www.rapidmicrobiology.com/news/romer-labs-gluten-g12-rapid-tests-obtain-aoac-approval (last visited June 28, 2024)

[9] *Id.*

[10] *Id.*

[11] https://www.aoac.org/about-aoac-international/ (last visited June 28, 2024)

CLASS ACTION COMPLAINT

standards, validated test methods, and laboratory quality programs.[12] The AOAC publishes outcomes, including Official Methods of Analysis[SM], in the Journal of AOAC INTERNATIONAL and provides laboratory proficiency testing programs.[13] The AOAC also facilitates collaboration and training of scientists and other stakeholders to address challenges with sustainable analytical solutions.[14]

21.    The Product tested well over the LOQ limits because the Product contained 269.8 ppm of gluten.

22.    Below are the AgraQuant Gluten G12 ELISA test results showing Sample S11567, the sample Product, tested positive for 269.8 ppm of gluten:

| Samples: | | | | | Test Sample Results: |
|---|---|---|---|---|---|
| Sample ID | Sample Type | Sample name | Sample Description | Lot # and Expiration Date | Gluten content ppm |
| S11558 | | Canyon House bakery | 7-grain | NA | Below LOQ |
| S11559 | | Udi's | Soft White | NA | Below LOQ |
| S11560 | | Schar | Artisan white | NA | Below LOQ |
| S11561 | Bread | Trader Joe's | White | NA | Below LOQ |
| S11562 | | Pacha | organic buckwheat | NA | Below LOQ |
| S11564 | | Simple Kneads | Quinoa Bread | NA | Below LOQ |
| S11565 | | 365 Whole Food Market | Sandwich Bread | NA | Below LOQ |
| S11566 | | Canyon House Bakery | Plain | NA | Below LOQ |
| S11567 | Bagels | Trader Joe's | Everything bagel | NA | 269.8 |
| S11568 | | Shar | Plain | NA | Below LOQ |

**PLAINTIFF'S EXPERIENCE**

23.    In June 2024, Plaintiff purchased the Trader Joe's Gluten Free Almost Everything Bagels at a Trader Joe's retail store in Los Angeles County. After reading the label, Plaintiff purchased the Product on the reasonable assumption that the Product did not contain gluten. Plaintiff saw and relied on the "Gluten-free" labeling statements on the Product. Plaintiff specially purchased the Product over other products in the store because it was labeled as "Gluten Free." Plaintiff would not have purchased the Product had she known the Product contained gluten. As a result, Plaintiff suffered injury in fact when she spent money to

[12] *Id.*

[13] *Id.*

[14] *Id.*

CROSNER LEGAL. P.C.

purchase the Product she would not have purchased absent Defendant's misconduct.

24.     Plaintiff continues to see the Product for sale at Trader Joe retail stores where she continues to shop for groceries. Plaintiff desires to purchase the Product again if the Product was truthfully advertised and did not contain gluten. However, as a result of Defendant's ongoing misrepresentations, Plaintiff is unable to rely on the Product's labeling when deciding in the future whether to purchase the Product.

25.     Plaintiff did not notice any disclaimer, qualifier, or other explanatory statement or information on the Product's labeling or packaging that disclosed that the Product contained high levels of gluten because there is no such disclaimer. At the time of Plaintiff's purchase, she did not know the Product contained gluten.

### REASONABLE CONSUMERS ARE DECEIVED BY DEFENDANT'S MISREPRESENTATIONS AND OMISSIONS

26.     Gluten-free products are perceived as more healthful by consumers. Additionally, they're perceived as less caloric and processed. Consumers have positive beliefs towards a gluten-free diet.[15] Thus, the "Gluten Free" representation is important to consumers when deciding to purchase the Product.[16]

27.     Consumers, like Plaintiff, relied on Defendant's labeling statements set forth above. The "Gluten Free" statement on the front of the label is not ambiguous. Consumers reasonably believe that a product labeled as "Gluten Free" does not contain substantial amounts of gluten.

---

[15] Marilia Prada, Cristina Godinho, David L. Rodrigues, Carloa Lopes, and Margarida V. Garrido, *The impact of a gluten-free claim on the perceived healthfulness, calories, level of processing and expected taste of food products*, *available                                                                                        at* https://www.sciencedirect.com/science/article/abs/pii/S0950329318307237 (last accessed June 26, 2024)

[16] *Id.*

CROSNER LEGAL. P.C.

28.    Defendant had exclusive knowledge that the Product contains gluten. Consumers do not scour the internet to ensure every product they purchase is not contaminated. They also do not test every product they pruchase to ensure the labeling is accurate.

**PLAINTIFF AND THE PUTATIVE CLASS MEMBERS SUFFERED ECONOMIC INJURY**

29.    Plaintiff and putative class members spent money that, absent Defendant's actions, they would not have spent. With all the other gluten free bagel products on the market without gluten, a reasonable consumer would choose to purchase a product truthfully advertised to not have gluten and not Defendant's Product.

30.    Plaintiff and putative class members are entitled to damages and restitution for the purchase price of the Product. Consumers, including Plaintiff, would not have purchased Defendant's Product if they had known the Product contained gluten.

31.    Plaintiff brings this action individually and on behalf of other similarly situated consumers to halt the dissemination of Defendant's deceptive advertising message, correct the deceptive perception it has created in the minds of consumers, and obtain redress for those who have purchased the Product. As a consequence of Defendant's deceptive labeling and material omissions, Plaintiff alleges Defendant has violated and is violating California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq. (the "CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. (the "UCL") and constitutes a breach of express warranty.

**NO ADEQUATE REMEDY AT LAW**

32.    Plaintiff and members of the class are entitled to equitable relief as no adequate remedy at law exists. The statutes of limitations for the causes of action pled herein vary. Class members who purchased the Product more than three

CROSNER LEGAL, P.C.

1   years prior to the filing of the complaint will be barred from recovery if equitable

2   relief were not permitted under the UCL.

3     33. The scope of actionable misconduct under the unfair prong of the

4   UCL is broader than the other causes of action asserted herein. It includes

5   Defendant's overall unfair marketing scheme to promote and brand the Product,

6   across a multitude of media platforms, including the Product labels and packaging,

7   over a long period of time, in order to gain an unfair advantage over competitor

8   products. The UCL also creates a cause of action for violations of law (such as

9   statutory or regulatory requirements and court orders related to similar

10  representations and omissions made on the type of products at issue). Plaintiff and

11  class members may also be entitled to restitution under the UCL, while not entitled

12  to damages under other causes of action asserted herein (e.g., the CLRA is limited

13  to certain types of plaintiffs (an individual who seeks or acquires, by purchase or

14  lease, any goods or services for personal, family, or household purposes) and other

15  statutorily enumerated conduct).

16    34. Injunctive relief requiring Defendant to truthfully advertise the

17  Products is the primary objection of this litigation. Injunctive relief is appropriate

18  on behalf of Plaintiff and members of the class because Defendant continues to

19  deceptively label the Product. Injunctive relief is necessary to prevent Defendant

20  from continuing to engage in the unfair, fraudulent, and/or unlawful conduct

21  described herein and to prevent future harm—none of which can be achieved

22  through available legal remedies (such as monetary damages to compensate past

23  harm). In addition, Plaintiff is currently unable to accurately quantify the damages

24  caused by Defendant's future harm, because discovery and Plaintiff's investigation

25  have not yet completed, rendering injunctive relief necessary. Further, because a

26  public injunction is available under the UCL, and damages will not adequately

27  benefit the general public in a manner equivalent to an injunction.

28

CROSNER LEGAL, P.C.

CLASS ACTION COMPLAINT

CROSNER LEGAL. P.C.

35.     It is premature to determine whether an adequate remedy at law exists. This is an initial pleading and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiff's individual claims and any certified class or subclass. Plaintiff therefore reserves the right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for either Plaintiff and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following Class:

> All persons who purchased the Product for personal use in the United States within the applicable statute of limitations until the date class notice is disseminated.

37.     Excluded from the class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; and (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

38.     Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

39.     The Class is appropriate for certification because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

40.     <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

41.     <u>Commonality</u>: There is a well-defined community of interest in the common questions of law and fact affecting all Class Members. The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a.     Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Product;

b.     Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Product;

c.     Whether Plaintiff and the Class are entitled to injunctive relief;

d.     Whether Plaintiff and the Class are entitled to money damages and/or restitution under the same causes of action as the other Class Members.

42.     <u>Typicality</u>: Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Product. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

43.     <u>Adequacy</u>: Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent; the consumer fraud claims are common to all other members of the Class, and Plaintiff has a strong interest in vindicating the rights of the class;

CROSNER LEGAL, P.C.

Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and proposed Class Counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

44.    The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.    The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.    The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

c.    When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.    This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.    Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f.    This class action will assure uniformity of decisions among Class Members;

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

g.    The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

h.    Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action;

45.    Additionally or in the alternative, the Class also may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

46.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendant from engaging in the acts described, and to require Defendant to provide full restitution to Plaintiff and Class members.

47.    Unless the Class is certified, Defendant will retain monies that were taken from Plaintiff and Class members as a result of Defendant's wrongful conduct. Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

### FIRST CLAIM FOR RELIEF

**Violation of California's Consumers Legal Remedies Act**

**Cal. Civ. Code §§ 1750 *et seq.***

48.    Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

49.    Plaintiff brings this claim under the CLRA individually and on behalf of the Class against Defendant.

50.    At all times relevant hereto, Plaintiff and the members of the Class were "consumer[s]," as defined in California Civil Code section 1761(d).

51.    At all relevant times, Defendant constituted a "person," as defined in California Civil Code section 1761(c).

52.    At all relevant times, the Product manufactured, marketed, advertised, and sold by Defendant constituted "goods," as defined in California Civil Code section 1761(a).

53.    The purchases of the Product by Plaintiff and the members of the Class were and are "transactions" within the meaning of California Civil Code section 1761(e).

54.    Defendant disseminated, or caused to be disseminated, through their advertising, false and misleading representations, including the Product's labeling that they do not gluten. Defendant's representations violate the CLRA in the following ways:

a)    Defendant represented that the Product has characteristics, ingredients, uses, and benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

b)    Defendant represented that the Product are of a particular standard, quality, or grade, which they are not (Cal. Civ. Code § 1770(a)(7));

c)    Defendant advertised the Product with an intent not to sell the Product as advertised (Cal. Civ. Code § 1770(a)(9)); and

d)    Defendant represented that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770(a)(16)).

55.    Defendant violated the CLRA because the Product contains gluten when the label says the Product is "Gluten Free." Defendant knew or should have known that consumers would want to know that the Product contains gluten. The fact that the Product contains high levels of gluten is material to consumers

CROSNER LEGAL, P.C.

because reasonable consumers would deem a product labeled as "gluten Free" would not have gluten.

56. Defendant's actions as described herein were done with conscious disregard of Plaintiff and the Class members' rights and were wanton and malicious.

57. Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA, since Defendant is still representing that the Product has characteristics (e.g., that the Products are "Gluten Free") which they do not have.

58. Pursuant to California Civil Code section 1782(d), Plaintiff and the members of the Class seek an order enjoining Defendant from engaging in the methods, acts, and practices alleged herein.

59. Pursuant to California Civil Code section 1782, Plaintiff will notify Defendant in writing by certified mail of the alleged violations of the CLRA and demand that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of their intent to so act. If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed herein and give notice to all affected consumers within 30 days of the date of written notice pursuant to section 1782 of the CLRA, Plaintiff will amend this complaint to seek actual, punitive, and statutory damages, as appropriate.

60. Pursuant to section 1780(d) of the CLRA, below is an affidavit showing that this action was commenced in a proper forum.

<u>**SECOND CLAIM FOR RELIEF**</u>

**Violation of California's Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200 *et seq.***

61. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

CROSNER LEGAL, P.C.

1    62.    Plaintiff brings this claim under the UCL individually and on behalf

2    of the Class against Defendant.

3    63.    The UCL prohibits any "unlawful," "fraudulent," or "unfair" business

4    act or practice and any false or misleading advertising.

5    64.    Defendant committed unlawful business acts or practices by making

6    the representations as set forth more fully herein, and violating California Civil

7    Code sections 1770(a)(5), (7), (9) and (16), California Business & Professions

8    Code section 17500 *et seq.*, California common law breach of warranties. Plaintiff,

9    individually and on behalf of the other Class members, reserves the right to allege

10   other violations of law, which constitute other unlawful business acts or practices.

11   Such conduct is ongoing and continues to this date.

12   65.    Defendant committed "unfair" business acts or practices by: (1)

13   engaging in conduct where the utility of such conduct is outweighed by the harm

14   to Plaintiff and the members of the a Class; (2) engaging in conduct that is

15   immoral, unethical, oppressive, unscrupulous, or substantially injurious to

16   Plaintiff and the members of the Class; and (3) engaging in conduct that

17   undermines or violates the intent of the consumer protection laws alleged herein.

18   There is no societal benefit from deceptive advertising. Plaintiff and the other

19   Class members paid for a Product that is not as advertised by Defendant. While

20   Plaintiff and the other Class members were economically harmed, Defendant was

21   unjustly enriched by its false misrepresentations. As a result, Defendant's conduct

22   is "unfair," as it offended an established public policy. There were reasonably

23   available alternatives to further Defendant's legitimate business interests, other

24   than the conduct described herein.

25   66.    Defendant committed "fraudulent" business acts or practices by

26   making the representations of material fact regarding the Product set forth herein.

27   Defendant's business practices as alleged are "fraudulent" under the UCL because

28

CROSNER LEGAL. P.C.

CLASS ACTION COMPLAINT

they are likely to deceive customers into believing the Product does not contain gluten.

67.  Plaintiff and the other members of the Class have in fact been deceived as a result of their reliance on Defendant's material representations. This reliance has caused economic harm to Plaintiff and the other members of the Class, each of whom purchased Defendant's Product. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of purchasing the Product and Defendant's unlawful, unfair, and fraudulent practices.

68.  Defendant's wrongful business practices and violations of the UCL are ongoing.

69.  Plaintiff and the Class seek pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class seek interest in an amount according to proof.

70.  Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate. Pursuant to California Business & Professions Code section 17203, Plaintiff, individually and on behalf of the Class, seek (1) restitution from Defendant of all money obtained from Plaintiff and the other Class members as a result of unfair competition; (2) an injunction prohibiting Defendant from continuing such unlawful practices; and (3) all other relief this Court deems appropriate, consistent with California Business & Professions Code section 17203.

### THIRD CLAIM FOR RELIEF

### Breach of Express Warranty

71.  Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

72. Plaintiff brings this claim individually and on behalf of the Class against Defendant.

73. Plaintiff brings this claim for breach of express warranty individually and on behalf of the Class against Defendant.

74. As the manufacturer, marketer, distributor, and seller of the Products, Defendant issued an express warranty by representing to consumers at the point of purchase that the Products are "Gluten Free."

75. Plaintiff and the Class reasonably relied on Defendant's misrepresentations, descriptions and specifications regarding the Products, including the representation that the Products are "Gluten Free."

76. Defendant's representations were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and Members of the Class.

77. In fact, the Products do not conform to Defendant's representations because the Products contain gluten. By falsely representing the Products in this way, Defendants breached express warranties.

78. Plaintiff relied on Defendant's (the manufacturer) representations on the Products' labels which provide the basis for an express warranty.

79. As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class were injured because they: (1) paid money for the Products that were not what Defendants represented; (2) were deprived of the benefit of the bargain because the Products they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Products they purchased had less value than if Defendant'' representations about the characteristics of the Products were truthful.

80. Had Defendant not breached the express warranty by making the false representations alleged herein, Plaintiff and Class Members would not have purchased the Products or would not have paid as much as they did for them.

<u>**REQUEST FOR RELIEF**</u>

Plaintiff, individually, and on behalf of all others similarly situated, requests for relief pursuant to each claim set forth in this complaint, as follows:

a.      Declaring that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as the Class Representative and appointing the undersigned counsel as Class Counsel;

b.      Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of Defendant's unlawful, unfair, and fraudulent business practices;

c.      Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

d.      Ordering damages for Plaintiff and the Class;

e.      Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class;

f.      Ordering Defendant to pay both pre- and post-judgment interest on any amounts awarded; and

g.      Ordering such other and further relief as may be just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all claims in this complaint so triable.

Dated: June 28, 2024            CROSNER LEGAL, P.C.

By:    */s/ Craig W. Straub*
CRAIG W. STRAUB

Craig W. Straub (SBN 249032)
craig@crosnerlegal.com
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
Kurt D. Kessler (SBN 327334)
kurt@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301

20

CLASS ACTION COMPLAINT

Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiff*

Civil Code Section 1780(d) Affidavit

I am an attorney duly licensed to practice before all of the courts of the State of California. I am one of the counsel of record for Plaintiff. This declaration is made pursuant to § 1780(d) of the California Consumers Legal Remedies Act. Defendant has done, and is doing, business in California, including in this county. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed June 28, 2024 at San Diego, California.

By:       */s/ Craig W. Straub*

21

CLASS ACTION COMPLAINT